### Darrel L. ESPINOSA, Plaintiff—Appellant,

v.

### BANK OF NEW YORK; et al., Defendants—Appellees.

No. 03–15749.

D.C. No. CV–02–00800–MCE/GGH.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

Darrel L. Espinosa, Arbuckle, CA, pro se.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan Rhodes Denious, Kronick, Moskovitz, Tiedemann & Girard, Debbie Jean Vorous, Downey Brand LLP, Scott Wyckoff, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Charlene Metcalf, Stonyford, CA, pro se.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Darrel L. Espinosa appeals pro se the district court's judgment in favor of defendants in his action alleging violations of the Racketeer Influenced and Corrupt Organization Act, 28 U.S.C. § 1962, 42 U.S.C. § 1983, and various California statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Reviewing de novo, *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir.2003), we affirm the district court's judgment for the reasons stated in the magistrate judge's reports and recommendations dated July 30, 2002, September 23, 2002, December 23, 2002, and March 5, 2003, and adopted by the district court in orders dated October 8, 2002, February 10, 2003, and April 3, 2003.

Appellant's contention of judicial bias is without merit. *See Liteky v. United States,* 510 U.S. 540, 554–55, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

---

To the extent appellant seeks review of the district court's dismissal of him as a plaintiff in Case No. 00–02010, that case is not before us in the present appeal.

Appellees' requests for judicial notice are granted.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.